# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:19-CV-00049-TBR

KENNETH ROBINSON, Individually
And as spouse and next friend of TEENA
ROBINSON, deceased,                                              Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,
OHIO SECURITY INSURANCE COMPANY,
LIBERTY MUTUAL GROUP, INC. AND
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,                                              Defendants

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant, Allstate Property and Casualty Insurance Company's ("Allstate") Motion to Hold in Abeyance. [DN 9.] Plaintiff, Kenneth Robinson ("Robinson"), has responded. [DN 11.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Allstate's Motion to Hold in Abeyance is **GRANTED.**

## I. BACKGROUND

Robinson has an underlying action pending in this Court against Darren Henderson, the insured. Robinson filed this action against the insurers alleging bad faith. Allstate seeks to have this action held in abeyance until there is an outcome on the merits of the underlying case.

## II. DISCUSSION

Allstate relies on one Kentucky Supreme Court case to support its motion. In *Wittmer v. Jones,* Wittmer and Jones were involved in a motor vehicle accident. *Wittmer v. Jones,* 864 S.W. 2d 885, 886 (Ky. 1993). Wittmer sued Jones in tort and State Farm in the same Complaint alleging

a violation of the UCSPA. *Id.* at 887. On appeal, State Farm alleged the trial court should have bifurcated the trial and tried the negligence action against Jones and the bad faith claim against State Farm separately. *Id.* at 891. The Kentucky Supreme Court held "at trial the underlying negligence claim should first be adjudicated. Only then should the direct action against the insurer be presented." *Id.*

Robinson argues that *Wittmer* only requires bifurcation and not a stay of the claim. Allstate argues that bifurcation is not needed, but the claims should be held in abeyance to avoid prejudice that would occur from discovery. Robinson further argues that it will be prejudiced if discovery is stayed.

The Court agrees with Robinson that *Wittmer* only requires bifurcation. However, there is case law that suggests discovery should be stayed here. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of a case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304 (6th Cir. 2003). "[U]nder Kentucky law…bad faith claims against Motorists cannot proceed until Underwood proves that he is entitled to recover on his [underlying] negligence claims." *Underwood v. Ryan,* 2016 U.S. Dist. LEXIS 69574 *4 (W.D. Ky. May 26, 2016). Courts will generally stay discovery pending resolution of the underlying claim when it would "prevent prejudice, eliminate potentially unnecessary litigation expenses, and promote the interest of judicial economy." *Id.* at *6.

Here, the underlying claim regarding whether Robinson is entitled to payment has not been decided. If that case is decided against Robinson, it is likely that there will not be any entitlement to payment from the insurers. Robinson argues that it will be prejudiced by a stay of discovery because a "key fact would not see the light of day until some point after the conclusion of the

companion case." [DN 11 at 2.] In the underlying case, Robinson filed a motion for sanctions against Cousins BBQ Enterprises, LLC, d/b/a The Keg Bar & Grill for the failure to produce surveillance video. *See* Case No. 5:18-cv-00070-TBR DN 68. In response to that motion, counsel for Cousins states that he was not aware that Liberty Mutual Insurance Company had possession of this surveillance video. It is Robinson's contention that he will be prejudiced if discovery is stayed and it is not determined whether Liberty Mutual's investigator disclosed the existence of the video to defense counsel or not until the conclusion of the underlying case. However, the motion for sanctions has already been decided—in Robinson's favor. Further, Robinson has been rewarded a copy of the video.

The Court does not find that Robinson would be prejudiced. Once the underlying claim is decided, Robinson would be permitted to conduct discovery for any remaining claims and determine whether Liberty Mutual's investigator disclosed the existence of the video to counsel for Cousins. Robinson is not prejudiced in delaying the discovery of this fact.

The Court does find that staying discovery will eliminate potentially unnecessary litigation expenses. Depending on the outcome of the underlying claim, some claims may not go forward. It promotes efficiency for this Court to stay discovery until the underlying claim is decided. The Court also finds that there is a likelihood of prejudice to Darren Henderson—the tortfeasor—if discovery is allowed to continue. During the course of discovery, some facts may come to Robinson's attention that he did not previously have access to. Therefore, the Court finds good cause to stay discovery.

### III. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Allstate's Motion to Hold in Abeyance [DN 9] is **GRANTED.** Discovery as to the bad faith claim is hereby **STAYED**

pending further order of the Court. Unless and until such stay is lifted, no party shall conduct discovery on any issue that is solely related to the bad faith claim.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 28, 2019

cc: counsel