# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:19-CV-00049-TBR

KENNETH ROBINSON, Individually
And as spouse and next friend of TEENA
ROBINSON, deceased,                                                     Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,
OHIO SECURITY INSURANCE COMPANY,
LIBERTY MUTUAL GROUP, INC. AND
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,                                                      Defendants

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant, Ohio Security Insurance Company's ("Ohio Security") Motion to Stay Discovery. [DN 13.] Plaintiff, Kenneth Robinson ("Robinson"), has responded. [DN 16.] As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Ohio Security's Motion to Stay Discovery is **GRANTED.**

## I.    BACKGROUND

Robinson has an underlying action pending in this Court against Darren Henderson, the insured. Robinson filed this action against the insurers alleging bad faith. Ohio Security seeks to have discovery stayed until there is an outcome on the merits of the underlying case.

## II.    DISCUSSION

Courts will generally stay discovery pending resolution of the underlying claim when it would "prevent prejudice, eliminate potentially unnecessary litigation expenses, and promote the interest of judicial economy." *Underwood v. Ryan,* 2016 U.S. Dist. LEXIS 69574 *6 (W.D. Ky. May 26, 2016). Ohio Security first argues discovery should be stayed because this case is wholly

dependent on the outcome of the underlying case. Ohio Security further argues that Robinson cannot seek redress for litigation conduct in both the underlying case and the bad faith claim. Robinson argues that since Ohio Security is not a party to the underlying case, the alleged failure to turn over discoverable evidence was not litigation conduct. The Court agrees with Robinson that the alleged actions are not within the definition of litigation conduct as Ohio Security is not a party in the underlying case. The Court cannot address the alleged discovery issues in the underlying case if Ohio Security did act in bad faith as it is not a party.

Ohio Security also argues that any remedies Robinson is seeking for conduct unrelated to the surveillance video cannot go forward if Robinson loses the underlying case. "[U]nder Kentucky law…bad faith claims against Motorists cannot proceed until Underwood proves that he is entitled to recover on his [underlying] negligence claims." *Underwood v. Ryan,* 2016 U.S. Dist. LEXIS 69574 *4 (W.D. Ky. May 26, 2016). The underlying claim regarding whether Robinson is entitled to payment has not been decided. If that case is decided against Robinson, it is likely that there will not be any entitlement to payment from the insurers. The Court agrees with Ohio Security that judicial economy would be furthered because discovery in this case may not be necessary depending on the outcome of the underlying case.

Further, the Court does not find that Robinson would be prejudiced. Once the underlying claim is decided, Robinson would be permitted to conduct discovery for any remaining claims and determine whether Ohio Security's investigator disclosed the existence of the video to counsel for Cousins BBQ ("Cousins"). Robinson is not prejudiced in delaying the discovery of this fact.

The Court also finds that there is a likelihood of prejudice to Cousins if discovery is allowed to continue. During the course of discovery, some facts may come to Robinson's attention that he did not previously have access to. Although Ohio Security can protect some documents under the

work product doctrine, the Court still finds a strong likelihood that Ohio Security and Cousins would be prejudiced by discovery proceeding at this point. Therefore, the Court finds good cause to stay discovery.

### III.    Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Ohio Security's Motion to Stay Discovery [DN 13] is **GRANTED**.  Discovery as to the bad faith claim is hereby **STAYED** pending further order of the Court. Unless and until such stay is lifted, no party shall conduct discovery on any issue that is solely related to the bad faith claim.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 28, 2019

cc:  counsel